*NOT FOR PUBLICATION*

```
IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
         DIVISION OF ST. CROIX
          APPELLATE DIVISION
```

| | |
|---|---|
| GARY GONZALVES, | ) D.C. CRIM. APP. NO. 2005/042 |
| | ) |
| Appellant, | ) Re: Sup.Ct.Crim. 386/2004 |
| | ) |
| v. | ) |
| | ) |
| PEOPLE OF THE VIRGIN ISLANDS, | ) |
| | ) |
| Appellee. | ) |

On Appeal from the Superior Court of the Virgin Islands

Considered: September 18, 2009
Filed: September 20, 2011

BEFORE: **CURTIS V. GÓMEZ**, Chief Judge, District Court of the Virgin Islands; **RAYMOND L. FINCH**, Judge of the District Court of the Virgin Islands; and **BRENDA J. HOLLAR**, Judge of the Superior Court of the Virgin Islands, sitting by designation.

ATTORNEYS:

**Martial A. Webster, Esq.**
St. Croix, U.S.V.I.
    Attorney for Appellant,

**Maureen Phelan, Esq. AAG**
St. Thomas, U.S.V.I.
    Attorney for Appellee.

*Gary Gonzalves v. People of the Virgin Islands*
D.C. Crim. App. No. 2005-0042
Memorandum Opinion
Page 2

**Per Curiam.**

## Memorandum Opinion

On May 13, 2005, Gary Gonzalves appealed his Superior Court criminal conviction. On September 18, 2009, a panel of this Court considered Gonzalves' appeal. On January 26, 2011, while this appeal was pending, Gonzalves' counsel filed a notice of suggestion of death indicating that Gonzalves had died. On August 19, 2011, counsel filed Gonzalves' death certificate.

For over a century, courts of appeal have held that "public crimes are buried with the offender." *See United States v. Dunne*, 173 F. 254, 258 (9th Cir.1909)(early case articulating well-accepted abatement rule). As such, "where a convicted criminal defendant dies after filing an appropriate appeal, the conviction will be abated and the case remanded to the [trial] court with instructions to dismiss the indictment." *United States v. Demichael*, 461 F.3d 414, 416 (3d Cir. 2006).

"The abatement rule is grounded in procedural due process concerns. 'When a defendant dies pending an appeal, the interests of justice ordinarily require that he not stand convicted without resolution of the merits of his appeal, which is an integral part of our system for finally adjudicating his guilt or innocence.'"

*Thomas v. People of the Virgin Islands*, 2009 U.S. Dist. LEXIS 71059, at *2-3 (D.V.I. App. Div. 2009)(quoting *Demichael*, 461 F.3d at 416)).

Abatement closes the criminal litigation loop for a deceased defendant. *Demichael*, 461 F.3d at 416 ("there is no justice in punishing a defendant's family for his offense"); *United States v. Moehlenkamp*, 557 F.2d 126, 128 (7th Cir. 1977)(when death deprives an appellate court of its decision, the interests of justice require hat the court resolve his appeal by abatement) (quoting *Griffin v. Illinois*, 351 U.S. 12, 18 (1956)); *United States v. Morton*, 635 F.2d 723, 725 (8th Cir. 1980) ("In criminal cases, unlike civil actions, death of a defendant abates the penalty. . ."). The Third Circuit Court of Appeals, following the abatement rule, has explained that,

> when a convicted defendant dies after filing an appropriate appeal but before it is adjudicated, <u>the conviction is abated and the indictment will be dismissed</u>. If restitution has been directed, however, that order will not abate and the personal representative of the deceased defendant may prosecute the appeal [only] on that phase of the case.

*United States v. Christopher*, 273 F.3d 294, 295 (3d Cir. 2001)(emphasis added)("The rule on abatement is well established, and we adopt it as the law in this Court."); *Demichael*, 461 F.3d at 416 ("whatever the procedural posture of

*Gary Gonzalves v. People of the Virgin Islands*
D.C. Crim. App. No. 2005-0042
Memorandum Opinion
Page 4

the case, a defendant's death necessarily forestalls any further punishment").[1]

Because Gonzalves died after filing this appeal but before it was decided on the merits, his conviction, along with any forfeitures or fines, shall be abated.[2] We, accordingly, will dismiss this appeal and remand the matter to the Superior Court with instructions to vacate the judgment and dismiss the information against Gonzalves. *See United States v. Koblan*, 478

---

[1] The Third Circuit is in the company of the majority of reviewing courts which abate properly appealed criminal convictions ab initio (from its inception) when the criminal defendant dies during the course of his appeal. *See Durham v. United States*, 401 U.S. 481 (1971) (per curiam)(death pending direct review of a criminal conviction abates not only the appeal but also all proceedings had in the prosecution from its inception); *see also* Annotation, *Abatement of State Criminal Cases by Accused's Death Pending Appeal of Conviction -- Modern Cases* 80 A.L.R. 4th 189 (1990)(majority of jurisdictions abate criminal conviction upon the defendant's death); *see also United States v. Moehlenkamp*, 557 F.2d 126, 128 (7th Cir. 1977) (defendant's death while his appeal was pending warranted dismissal of appeal); *see e.g., Stallworth v. State*, 726 So. 2d 761 (Ala. Crim. App. 1998); *Maghee v. State*, 773 N.W.2d 228 (Iowa 2009) (Criminal prosecutions, including any pending appellate proceedings, abate upon the death of the defendant); *see also United States v. Pogue*, 19 F.3d 663, 664 (D.C. Cir. 1994)(same).

The following states have issued opinions adhering to the majority rule: Alaska, Arizona, California, Colorado, Florida, Idaho, Iowa, Louisiana, Maine, Massachusetts, Michigan, Missouri, Nebraska, New Mexico, New York, North Carolina, Oklahoma, Rhode Island, South Dakota, Tennessee, Utah, and Wyoming. 80 A.L.R. 4th at 192-194.

[2] Restitution payments, however, are not subject to abatement. *Demichael*, 461 F.3d at 416.

*Gary Gonzalves v. People of the Virgin Islands*
D.C. Crim. App. No. 2005-0042
Memorandum Opinion
Page 5

F.3d 1324, 1326 (11th Cir. 2007) (per curiam). An appropriate order follows.